UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL PAUL ARBOLEDA YANEZ (A# 240-129-719),

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Respondents.

No. 1:26-cv-05258-TLN-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee in this habeas corpus action filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The record in this case demonstrates that Petitioner is a native and citizen of Ecuador who came to the United States on an unknown date and time without being inspected by immigration officials. The Department of Homeland Security initiated removal proceedings against him in 2023. ECF No. 6-5 at 3. Since that time, he has been released by immigration officials on various forms of bond and supervision.

Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") on February 5, 2026 after being arrested by police, even though no criminal charges were filed against him. ECF No. 1 at 5. He remains in immigration custody at the California City

Immigration Processing Center located in this judicial district. His habeas petition challenges his continued detention without a bond hearing as a violation of the Fifth Amendment due process clause, amongst other claims.[1] ECF No. 1.

On May 1, 2026, an immigration judge ordered Petitioner removed to Ecuador. Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), where it remains pending. ECF Nos. 6-5, 6-6.

Respondents contend that Petitioner "appears to be subject to detention under 8 U.S.C. § 1226(c)(1)(e)(ii) because he was twice arrested for shoplifting charges" after this statutory section took effect. ECF No. 6 at 2. Although Petitioner's Rap sheet, which was submitted with Respondents' answer, indicates that his most recent shoplifting arrest was "remand[ed to the] lower court," Respondents assert that the plain language of § 1226(c)(1)(e)(ii) only requires an arrest and not a conviction. Id. (citing Yaman v. Warden, No. 1:26-cv-2048-DJC-JDP, 2026 WL 1162729, *2 (E.D. Cal. Apr. 29, 2026); see also ECF No. 6-2 at 9-11 (indicating additional arrests for shoplifting between January 24, 2024 and April 29, 2025 that were remanded to the lower court)). Thus, Respondents submit that Petitioner is subject to mandatory immigration detention pursuant to 8 U.S.C. § 1226(c).

Alternatively, Respondents submit that if the Court does not find that Petitioner is subject to mandatory detention, he is detained pursuant to 8 U.S.C. § 1225(b) and concede that "this case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine Petitioner's suitability for release from detention pending a final order of removal." ECF No. 6 at 3.

---

[1] Petitioner's medical deliberate indifference claim, as such, is not reviewable in this habeas corpus action. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement. A civil rights action, in contrast, is the proper method for challenging conditions of confinement." (cleaned up)). However, to the extent Petitioner remains detained in the future, he may seek to demonstrate that his detention violates substantive due process in part by reference to the conditions of his confinement, which may include reference to allegedly inadequate medical care. See Doe v. Chestnut, 810 F.Supp.3d 1169 (E.D. Cal. 2025) (discussing five factors which can be considered in a substantive due process challenge to the legality of detention, including the conditions of confinement).

## I. Immigration Detention Authority

On January 29, 2025, Congress enacted the Laken Riley Act ("LRA"), which expanded the categories of noncitizens who are subject to mandatory detention to include anyone who is inadmissible pursuant to certain provisions of 8 U.S.C. § 1182(a) and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" See Pub. L. No. 119–1, 139 Stat. 3 (2025) (amending 8 U.S.C. § 1226(c)(1)(E)). The undersigned has previously explained why the LRA is not retroactive. See Singh v. Noem, No. 1:26-cv-01160-DC-SCR, 2026 WL 523216 (E.D. Cal. Feb. 24, 2026), adopted by 2026 WL 1506799 (May 29, 2026). Thus, the issue in the present case is whether Petitioner was arrested for a shoplifting offense after the LRA took effect.

The Rap Sheet submitted by Respondents indicates that Petitioner was arrested in New Jersey for shoplifting and conspiracy to commit shoplifting on April 29, 2025 and for shoplifting and using an anti-shoplifting device on February 5, 2026. ECF No. 6-2 at 10-11. No dispositions were listed for any of these charges. Id. However, there is no information in the record showing that prosecution for those arrests was declined or that he otherwise will face no potential conviction for those arrests. Having reviewed the evidence submitted, the undersigned finds that Petitioner satisfies both statutory conditions for the application of 8 U.S.C. § 1226(c)(1)(E) on account of his administrative charge under 8 U.S.C. § 1182(a)(6)(A)(i) and his 2025 and 2026 arrests for shoplifting. See § 1226(c)(1)(E)(i)-(ii); ECF No. 6-1 (I-213 Form). He accordingly remains detained under § 1226(c) while seeking judicial review of his order of removal. See Avilez v. Garland, 69 F.4th 525, 534 (9th Cir. 2023) (holding that § 1226(c), like § 1226(a), "applies throughout the administrative and judicial phases of removal proceedings").

## II. Due Process Clause Analysis

Having found Petitioner is subject to mandatory detention under § 1226(c), the undersigned proceeds to analyze his due process claim.

////

### A. As-Applied Framework

Petitioner raises an as-applied, procedural due process challenge to the constitutionality of petitioner's mandatory detention. Petitioner was redetained on February 5, 2026, more than six months ago. Petitioner alleges, and Respondents do not dispute, that petitioner has never received a bond hearing during this time in order to determine whether his detention is justified based on danger or flight risk.[2]

As Respondents notes, the Supreme Court upheld the facial constitutionality of mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510, 531 (2003). The Supreme Court did so with the understanding that § 1226(c) detention is relatively "brief" and "limited," and "lasts roughly a month and a half in the vast majority of cases" and "about five months in the minority of cases in which the [noncitizen] chooses to appeal." Id. at 513, 529 n.12, 530. Justice Kennedy joined the opinion in full, but wrote a concurring opinion recognizing the viability of as-applied challenges under the majority's framework: "[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Demore, 538 U.S. at 532 (Kennedy, J., concurring). Later, in Nielsen v. Preap, 586 U.S. 392 (2019), the Supreme Court recognized the right to bring such as-applied challenges: "Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." Preap, 586 U.S. at 420.

"[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." Lopez v. Garland, 631 F. Supp. 3d 870, 877 (E.D. Cal. 2022) (quotation omitted); see also Doe v. Becerra, 732 F. Supp. 3d 1071, 1079 (N.D. Cal. 2024) ("[D]ue process protections do not disappear simply because mandatory detention under Section

---

[2] Respondent submits various notices of immigration court hearings as well as an audio transcript of Petitioner's most recent hearing on June 30, 2026, but none of these were a bond hearing. See ECF Nos. 7-2, 8.

1226(c) is at least initially permissible."). In other words, the Supreme Court's "conclusion [in Demore] that § 1226(c) is constitutional in some of its applications does not mean that the Court 'does not have the power to grant petitions for habeas corpus raising as-applied constitutional challenges to [ ] detention without a bond hearing.'" Carballo v. Andrews, No. 1:25-cv-0978 KES EPG (HC), 2025 WL 2381464, at *4 (E.D. Cal. Aug. 15, 2025) (quoting Perera v. Jennings, 598 F. Supp. 3d 736, 744 (N.D. Cal. 2022)) (emphasis in original).

Other Circuit Courts of Appeal have also concluded that Demore does not foreclose as-applied challenges to prolonged detention under § 1226(c). As the Second Circuit held, "[t]he Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a bond hearing—become necessary." Black v. Decker, 103 F.4th 133, 145 (2d Cir. 2024). The undersigned finds these authorities persuasive and agrees with petitioner that Demore does not bar an as-applied challenge to his prolonged detention without a hearing to determine whether such detention is justified. The next step is to determine the appropriate framework in which to analyze Petitioner's procedural due process argument.

**B. Mathews Due Process Framework**

The undersigned has considered the various tests developed by district courts within the Ninth Circuit, and finds that Mathews v. Eldridge, 424 U.S. 319 (1976), provides the appropriate test for due process challenges to prolonged detention under § 1226(c). The undersigned is particularly persuaded by the Second Circuit's reasoning in Black, 103 F.4th at 145-49, that the Mathews factors properly guide whether detention under § 1226(c) without a bond hearing has become unlawful. Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

**C. Mathews Factors**

Private Interest: An individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011). Courts of

Appeal have generally declined to adopt a specific threshold for when detention under § 1226(c) becomes prolonged. See Black, 103 F.4th at 150; Reid v. Donelan, 17 F.4th 1, 7–9 (1st Cir. 2021). While the Ninth Circuit has not addressed this question, it has previously referred to detentions longer than six months as prolonged "in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (citations omitted). Indeed, courts within this Circuit have found due process violations where the length of mandatory detention without bond is similar to the more than six months of detention at issue here. See, e.g., Chen v. Aitken, 917 F. Supp. 2d 1013, 1018 (N.D. Cal. 2013) (holding petitioner's seven-month detention under § 1225(b) was "prolonged" because it "has lasted well beyond the typical period described in Demore" and "neither release nor removal are imminent"); Leyva v. Warden, No. 1:26-cv-04038-DJC-CKD, 2026 WL 2186531 (E.D. Cal. July 29, 2026) (finding six month period of detention pursuant to 1226(c) was prolonged).

Moreover, courts hearing as-applied challenges to § 1226(c) detention have also considered the likely duration of future detention. See Lopez, 631 F. Supp. 3d at 880–81 (finding petitioner's administrative appeals and likely appeal to the Ninth Circuit weighed toward granting request for bond hearing). Based on his pending BIA appeal of his removal order, it appears that Petitioner "faces an undetermined, but likely significant, period of mandatory detention." Gao v. LaRose, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025). Based on its duration to date without bond and the likelihood of continued mandatory detention during his ongoing BIA appeal, the undersigned finds Petitioner's detention is sufficiently "prolonged" and confers a substantial private interest.

Risk of Erroneous Deprivation: The second Mathews factor is "the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Mathews, 424 U.S. at 335. This factor firmly favors Petitioner for several reasons. First, it is undisputed that Petitioner has not received a bonding hearing since being redetained. "In the absence of any meaningful initial procedural safeguards, it appears to us that almost any additional procedural safeguards at some point in the

detention would add value." Black, 103 F.4th at 153 (emphasis in original); see also Jimenez v. Wolf, No. 19-cv-7996 NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) (finding "high" risk of an erroneous deprivation where petitioner had not received any bond or custody redetermination hearing during his one-year detention under § 1226(c)).

Second, in evaluating the risk of erroneous deprivation in the context of noncitizen detention, the Ninth Circuit has looked to whether the detainee has a statutory or regulatory right to procedural protections, such as individualized custody determinations and the right to seek additional bond hearings throughout detention. See Rodriguez Diaz, 53 F.4th at 1209-10 (finding risk of erroneous deprivation low where the petitioner "was subject to numerous levels of review, each offering [him] the opportunity to be heard by a neutral decisionmaker"). Simply put, there is no statutory or regulatory pathway for Petitioner to seek a bond hearing before an immigration judge. "[T]he almost nonexistent procedural protections in place for section 1226(c) detainees markedly increased the risk of an erroneous deprivation of Petitioners' private liberty interests." Black, 103 F.4th at 152.

Government Interest: Under this factor, the Court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. The government has a general interest in the detention of people held under § 1226(c). See Rodriguez Diaz, 53 F.4th at 1208 (quoting Demore, 538 U.S. at 515). "[T]he additional procedural safeguards we would allow here under Mathews do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees." Black, 103 F.4th at 153–54; see also Jimenez, 2020 WL 510347, at *3 ("Providing a bond hearing would not undercut the government's asserted interest in effecting removal. After all, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community.") (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)). In Petitioner's case, the government's interest in further detaining him without a hearing to determine whether such detention is justified is minimal.

Administrative burden is a legally cognizable interest under Mathews. But Respondent's

interest is further diminished by the low fiscal and administrative burdens associated with a bond hearing. See D. L.C. v. Wofford, No. 1:25-cv-1996 DC-JDP, 2026 WL 25511, at *5 (E.D. Cal. Jan. 5, 2026) ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government." (quoting Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)). Accordingly, the undersigned finds the final factor tilts toward Petitioner.

Having found all three Mathews factors favor Petitioner, the undersigned recommends granting the § 2241 petition and ordering Respondents to provide Petitioner with a bond hearing before an immigration judge where the government has the burden of proof by a clear and convincing standard. See Singh v. Albarran, No. 1:26-cv-0940 DC DMC (HC), 2026 WL 392169, at *5 (E.D. Cal. Feb. 12, 2026) (collecting cases).

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED as to his due process challenge to his prolonged detention.[3]

2. Respondents be ordered to provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence, within fourteen (14) days of issuance of any final order in this case, and with at least seven (7) days of advance notice to Petitioner and Petitioner's counsel.

3. Respondents be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing.

4. If Petitioner is granted release on bond, Respondents shall return all of Petitioner's documents and possessions at the time of release.

5. Any final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. Judgment be entered in Petitioner's favor and this case be closed.

---

[3] In the interests of judicial economy and based on the recommended relief, the undersigned recommends denying the remaining § 2241 claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE